In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

KWADZO WATSON,
    Defendant

Criminal Complaint

CASE NUMBER: 08-132-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 28, 2008, in the District of Delaware, Defendant Kwadzo Watson, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2); and did knowingly possess with an intent to distribute a mixture or substance containing cocaine base, in violation of Title 21, United States Code, Sections(s) 841(a)(1) and (b)(1)(C). I further state that I am sworn as a Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

                                    Steven Parrott
                                    Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

July 29, 2008                       at     Wilmington, DE
Date                                             City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer                     Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on July 28th, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant from the Delaware Justice Information System and learned that the defendant has a prior felony conviction punishable by imprisonment for more than one year. That conviction was for Trafficking Cocaine with a sentence date on or about 07/19/96 in the Superior Court in and for New Castle County.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following: Officer 1 is a member of the Drug, Organized Crime and Vice unit. He co-authored two search warrants for locations in the city of Wilmington with the defendant, Kwadzo Watson, being the primary target. Officer 1 conducted one of the searches at an unoccupied residence and found a Harrington Arms .32 caliber revolver, serial #253790, in a box on a shelf above the basement stairs. It was loaded with four rounds of ammunition. Also in the residence Officer 1 found a total of 3 grams of a substance believe to be cocaine base divided between two different bags. The substance was field tested by Officer 1 and tested positive for the presence of cocaine base. Also found were small plastic, Ziploc style baggies as well as scales.

6. Your affiant spoke to another officer, hereinafter referred to as Officer 2. Officer 2 stated that she is the second co-author of the search warrants mentioned previously. She served the warrant at the second location and conducted the search there as well. The defendant was present there with two other subjects. During her search she found a Smith and Wesson model 686 .357 magnum revolver, serial #73186, loaded with six rounds of ammunition, in a back bedroom. It was wrapped in newspaper and then wrapped inside a plastic grocery bag.

7. Officer 2 told your affiant the following. Officers also discovered a stove with a pot cooking on it. In that pot was what was found to be cocaine being cooked into crack cocaine. Also found at the second location were 1.4 grams of a substance believe to be powder cocaine as well as three plants, believed to be marijuana, being grown using heat lamps as well as a seeds believed to be marijuana seeds to grow additional plants. The substance believed to be crack cocaine was found to weigh 7 grams. The total weight of the suspected marijuana plants, after removing dirt from the roots, was 628 grams.

8. Officer 1 told your affiant the following. The defendant was given his Miranda warnings and agreed to be interviewed. He admitted that the gun and cocaine base found in the unoccupied residence were his. He said that he found the gun in the residence and tried to load it but couldn't. He said he was going to get rid of it but hadn't done so yet. He also admitted that the gun and all of the illegal drugs found at the other location were his. He said that he was in the process of cooking cocaine into crack cocaine and had already poured 7 grams of powder into the pot and was cutting it with baking soda. He further stated that the marijuana plants, seeds and growing equipment were his. He said that he bought the Smith and Wesson for $350 from an unknown person.

9. Your affiant spoke with a Wilmington Police Officer who is sworn as a Deputy U.S. Marshal and assigned as a Task Force Officer to the ATF. Your affiant summarized the facts of this case to that officer and his professional opinion was that the seized cocaine base was possessed by the defendant with the intent to distribute same. He based this opinion on several factors including the possession of both powder and crack cocaine, the materials to cook same, the actual conversion of the powder into crack, the weight of the seized crack cocaine, the presence of scales and baggies for packaging and the defendant's admission of his intent to sell the seized crack cocaine. Your affiant has previously seen this officer testify as an expert on factors that are consistent with possessing cocaine base with the intent to distribute same in Federal Court. During this testimony your affiant heard the officer say that he has received training and is experienced in the investigation of drug crimes, including the possession and distribution of illegal narcotics. He also said that he has testified as an expert in State Court in cases relating to the possession and distribution of illegal narcotics.

10. Your affiant spoke with an ATF agent who is expertly trained in the interstate nexus of firearms. That agent stated that the Smith and Wesson firearm was manufactured in a state other than Delaware, meaning that it would have had to cross state lines prior to its possession in Delaware.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did: (1) possess in and affecting interstate commerce , a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2); (2) possess with intent to distribute cocaine base, in violation of Title 21, U.S.C., Section 841(a)(1) and (b)(1)(C) .

Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence this 29th day of July, 2008.

The Honorable Leonard P. Stark
United States Magistrate Judge